IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CHARLES D. TITUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 116-005 |
| | ) |
| MS. FNU HAWES, Dentist, and | ) |
| MS. FNU SAPP, Nurse Practitioner | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Charles B. Webster Detention Center ("Detention Center") in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

### I. SCREENING OF THE COMPLAINT

Plaintiff names as Defendants (1) Ms. Hawes, Dentist for the Detention Center and (2) Ms. Sapp, Nurse Practitioner at the Detention Center. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff arrived at the Detention Center on August 1, 2015. (Id. at 5.) Upon arriving, Plaintiff input medical information as to his abdominal hernia at a kiosk. (Id.) He also

informed two captains at the prison about his hernia, and they informed him that he would be moved to the medical dormitory and also that he would be ordered an abdominal belt. (Id.) As of the date of Plaintiff's complaint, Plaintiff has only received a visual exam and mild pain medication, but not a hernia belt. (Id.)

On December 1, Dr. Hawes extracted a molar from the back of Plaintiff's mouth. (Id.) The extraction caused a piece of Plaintiff's jaw to also be removed, leading to an exposure to his sinus cavity. (Id.) Dr. Hawes attempted to fix the sinus exposure on December 21 and December 22, of which both attempts were unsuccessful. (Id.) As of the date of Plaintiff's complaint, the hole leading to his sinus cavity has not been fixed. (Id.)

On an unspecified date at the jail, Plaintiff informed Ms. Sapp that his bone fusion graph in his back was under a medical recall. (Id. at 7.) Ms. Sapp informed Plaintiff that she could not x-ray Plaintiff unless she had his medical records. (Id.) Four months passed without any x-rays being taken. (Id.) Eventually, Dr. Rogers ordered x-rays for Plaintiff's back, but no follow-up occurred nor was a diagnosis given. (Id.) As a result of this issue, Plaintiff suffers from swelling, blackouts, and discomfort. (Id.) Due to his tooth extraction, hernia, and back issues, Plaintiff requests damages for pain and suffering, payment for his hernia operation, and payment for his doctor visits for the implant recall. (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A

2

claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal

construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendants for Deliberate Indifference to his Hernia.

Plaintiff has failed to state a claim for deliberate indifference to his hernia because he fails to include any allegations that associate Defendant Hawes and Defendant Sapp with this purported constitutional violation. Indeed, the only individuals he includes in this claim are two unnamed captains, not Defendants. At a minimum, Plaintiff is required to plead facts that show causation between the acts of a defendant and the purported constitutional violations. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Second, Plaintiff fails to allege facts that show deliberate indifference to his hernia. To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had a serious medical need – the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010).

To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326

4

(quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the subjective component, Plaintiff must allege that a defendant: (1) was subjectively aware of a serious risk of harm, and (2) disregarded that risk (3) by following a course of action which constituted "more than [gross] negligence." Id. at 1326-27.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010).

Plaintiff admits that he was seen by Doctor Shapp, given a visual exam, and prescribed mild pain medication. (Id. at 5.) Regardless of what representations were made to him by other prison officials, Plaintiff has failed to allege facts that show surgery or hernia belt were necessary to treat his hernia. Indeed, the only support given in Plaintiff's complaint is that he believes a hernia belt or surgery is appropriate treatment for his hernia, not the doctor's prescribed treatment of pain medication. (See id. at 5-6.) Because this only shows a disagreement with the prescribed treatment, it cannot form the basis for a deliberate indifference claim. Smith, 375 F. App'x at 910.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's claim for deliberate indifference to his hernia be **DISMISSED**. In a companion Order, the Court has allowed Plaintiff's claims of deliberate indifference to his sinus exposure and back problems to proceed against Defendants.

SO REPORTED and RECOMMENDED this 18th day of April, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA